# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

ERMA HINSON, Individually and as
surviving spouse of EUGENE HINSON, Deceased
and NICOLE SMITH,
Residents of the State of Alabama,

     Plaintiffs,

v.                                      Civil Docket No.:_1:23-cv-00139_
                                            Jury Demand

HIGH COUNTRY ADVENTURES, a/ka
HIGH COUNTRY ADVENTURES, INC.,
GERALD MARSHAL and JAMES D. SLOAN,
Residents of the State of Tennessee and/or
The State of Georgia,

     Defendants.

_____

## COMPLAINT

## INTRODUCTION

This is Complaint for personal injuries and the wrongful death of Eugene Hinson by the Plaintiff, Erma Hinson, as surviving spouse of Eugene Hinson, deceased, who suffered horrific personal injuries and an untimely, painful and wrongful death. Erma Hinson, as surviving spouse and in her individual capacity along with Nicole Smith, file this Complaint against the Defendants High Country Adventures, Country Adventures, Inc., Gerald Marshal and James Sloan. Plaintiff Erma Hinson Erma Hinson individually sustained personal injuries and brings this action pursuant to the laws of the State of Tennessee and, specifically, *Tennessee Code Annotated §* 20-5-102 and 20-5-106. Plaintiffs Erma Hinson and Nicole Smith seek reasonable compensation for the personal injuries which they suffered. Plaintiffs' claims arise as a direct and proximate of the egregious

knowing, willful, and with reckless disregard for the safety of others by the Defendants individually or acting in concert with each other.

## PARTIES

1.      The Plaintiff, Erma Hinson, is the surviving spouse of Eugene Hinson, deceased and is a resident of 713B Shell Grove Avenue, Boaz, Alabama 35959.  The Plaintiffs Erma Hinson and Eugene Hinson were residents at the time of the accident, and Erma Hinson is still a resident of Boaz, Alabama.

2.      The Plaintiff, Nicole Smith, is a resident of 313 South 8th Street, Gadson, Alabama, 35903.  The Plaintiff is, at the time of the accident, and still is, a resident of Boaz, Alabama.

3.      The Plaintiffs will be hereinafter referred to by name or collectively as "Plaintiffs."

4.      The Defendant High Country Adventures a/k/a High Country Adventures, Inc. (hereinafter referred to as "High Country"), was, before 2006, a corporation organized and authorized to do business in the State of Tennessee.  Subsequently, High County Adventures Inc. was dissolved, and a certificate of dissolution in the State of Tennessee was filed with the  Office of the Secretary of State.

5.      The Defendant High Country Adventures, Inc., as a corporation, was formed in the State of Georgia.  This corporation has been dissolved and it is believed to be a proprietorship owned and operated by the Defendants, Gerald Marshall, and James D. Sloan.  These individual Defendants are residents of the State of Tennessee or of the State of Georgia.

6.      The Defendant, Gerald Marshal, is believed to be a resident of the State of Tennessee or the State of Georgia and is a principal owner, operator and instructor for employees of High Country Adventures a/k/a High Country

2

7.     The Defendant, James D. Sloan, is believed to be a resident of the State of Tennessee or the State of Georgia and is a principal owner, operator and instructor for employees of High Country Adventures a/k/a High Country.

8.     These Defendants submitted a notice to the Secretary of State of Tennessee an application to do business and maintained an authorization to do business in the State of Tennessee as a Georgia corporation.  The Defendants did not apprise the State of Tennessee that the Georgia corporation had been dissolved.  Thus, each of the individual Defendants have responsibilities as the owners and operators of High Country.   The named individuals are sued for the purpose of enforcing any liability and their control of the operation of "High Country."

9.     The real property which is owned by "High Country Adventures, Inc." was conveyed to High County Adventures, Inc. in Deed Book 216, pp. 350-352 by James D. Sloan and wife, Crystal L. Sloan and Gerald A. Marshall and his wife, Karen Marshall.

**10.**     The Defendants will be referred to hereinafter individually or collectively as "Defendants."

### JURISDICTION AND VENUE

11.     The occurrence described herein occurred in Polk County, Tennessee. Thus, venue is proper in this Court. Complete diversity of citizenship exists between the Plaintiffs and the Defendants and, thus, jurisdiction is proper in this Court pursuant to 28 USC 13.32 (a)(1).

12.     Rule 18A of the *Federal Rules of Civil Procedure* allows permissive joinder of separate claims or causes of action.

### FACTS

13.     On June 18, 2022, Eugene Hinson, his wife, Erma Hinson, and their friend Nicole Smith traveled to Polk County, Tennessee, to begin a rafting expedition with the Defendants High

Country. The Defendants High Country is an outfitter in Polk County, Tennessee and in the business of providing rafts, guides, equipment, and compliance with the standards of care applicable to the operation of a rafting business. The Defendants solicited people to use High Country by asserting that safety was their number one priority. Defendants High Country assert that they will strictly enforce the reasonable standards of care in the operation of the rafting business. High Country did not exercise due care on June 18, 2022 and contrary to the assertions of the Defendants, failed to provide due care and meet the standards of safety for the Plaintiffs. The Defendants completely disregarded their known duties to the Plaintiffs.

14.     The Defendants well knew that the maximum weight of 265 pounds per guest and that the guest must be in good physical condition. The maximum weight should have been strictly enforced. The Defendants also knew that the participants had to be in good physical health. Consistent with the facts known by the Defendants, the maximum suggested weight limit rating for the utilization for traveling in a raft is generally in the 245-pound to 265-pound range.

15.     The deceased, Eugene Hinson, weighed 281 pounds as weighed at the autopsy. Nicole Smith weighed 383 pounds at the last time she knew her weight and believes that she was a little heavier at the time of the tragic event which occurred. Erma Hinson's weight was substantial as well. These weights and the physical conditions of the Plaintiffs were readily observable to anyone who saw them, and each of the Defendants or their employees observed the Plaintiffs. The Plaintiffs' weight alone exceeded High Country's maximum by at least 115 pounds.

16.     The Defendants are required to provide appropriate life jackets. In this instance, the Defendants failed to provide a personal flotation device or life jacket for a person of the size of Eugene Hinson.

4

17.     The Plaintiffs do not have a copy of a signed waiver and release agreement. The proposed waiver is not enforceable to prevent the Plaintiffs from pursuing this claim because of the gross negligence, and the reckless and wanton disregard for human life and injury.  The proposed waiver is a violation of the public policy of the State of Tennessee.  An attempt to ignore foreseeable and unreasonable risk of harm is a violation of the social policy and law of the State of Tennessee.  Defendants are the authors of the proposed waiver and the same is not only a violation of the policy of the State of Tennessee and other States but should be construed against the Defendants.  If there is no signed agreement, the proposed agreement is inadmissible.  The agreement was not sufficiently or reasonably described and no adequate time for reflection was given to allow the Plaintiffs to enter into an enforceable agreement.

18.     Various types of rafts are available for use by the Defendants.  In view of the facts of this case, the raft provided was unsafe.

19.     The Defendants knew well that the put-in for the raft was in an area which the raft immediately confronts "Grumpy's."  Grumpy's Ledge, to Plaintiff's belief is a "Class 4" rapid.  Defendants assert in various advertisements, internet publications and other means to bring Plaintiffs and others similarly situated to their business as follows:

> "Let our guides help you experience the thrill of rafting the Middle River from the put in at Grumpy's to the final wave at Hell Hole.  No matter your skill level or experience may be, your professional High Country Adventures' guide will deliver you through the wild and woolly rapids of Devil's Suck, Table Saw, and Broken Nose – in one piece!"

13.     The actions and conduct of the Defendants, individually and by and through their employees, agents and servants, failed to enforce minimum safety standards.  The Defendants knew that the circumstances would result in the predictable drowning death of Eugene Hinson.  The autopsy shows that the Eugene Hinson died from drowning.

5

14.     Mr. Hinson was caused to suffer great fear and ultimate death as a result of the gross and wanton disregard of the Defendants for Hinson's safety.  The Defendants' acts and omissions were completely contrary to Defendants' assertion that safety was their number one priority.  Plaintiffs were guests and customers of the guide service known as High Country.  The "raft" a/k/a vessel was traveling in rapids where the water conditions were rough and very strong.  Though the exact classification of the rapids at the moment of the incident may be debatable since the capsize occurred during the afternoon surge, the put-in rapid where Hinson was caused to be killed for the raft is considered by the raft-water paddling community and various organizations to be Class 4 at high water levels.  The difficulty levels of the Ocoee are identified as various classes.  Class 3 is identified as difficult with fast flowing water which is less predictable than Class 2, and various obstacles along the way will hold objects and/or push them around or through drops.  Class 4 is a very difficult river with fast flow and unpredictable water movements.  The best identification of this occurrence is that the raft had dropped off the ledge of Grumpy's resulting in the death of Eugene Hinson and injuries of the remaining Plaintiffs.

15.     This horrible event did not result from any simple negligence or inherent risk of rafting. Simply put, the Defendants set up a potential death trap for Eugene Hinson, Erma Hinson, and Nicole Smith.  The Defendants fully knew or should have known that they should not have allowed the Plaintiffs to be placed in the predictable event which would result in substantial injury and drowning.

16.     The Defendants know that the harm caused to the Plaintiffs was the direct and proximate result of the aforesaid gross negligence, reckless conduct of the Defendants, and disregard for the safety of the Plaintiffs and Eugene Hinson.  Eugene Hinson drowned helplessly in the powerful waters at the ledge known as Grumpy's.  The Defendants are liable for the

conscious fear and suffering of Eugene Hinson and his loss of the intent of the prospect of enjoyment for his expected life. Eugene Hinson was a good husband, and his wife loved him dearly. They were spouses, lovers, and friends. By reason of the death of Eugene Hinson, his wife has been deprived of his support, comfort, society, advice, daily acts of love and affection, confidants, and services, all of which were substantial and of great value. Erma Hinson is entitled to recover the pecuniary economic value and the noneconomic value of the life of her husband, Eugene Hinson, and his last death expenses. The Plaintiff Erma Hinson is entitled to recover all such losses available under Tennessee Law.

17.     The Plaintiff Erma Hinson has suffered severe emotional and mental anguish, the loss of the services, companionship, society, and consideration which her husband gave her in his lifetime. This is a permanent loss which she is also entitled to recover for emotional damage, physical and economic injury, and loss.

18.     The Plaintiff Nicole Smith has also suffered physical, psychological, and emotional injuries.

19.     The grossly negligent, willful, and knowing, willing, and reckless disregard for the safety of others that supports an award of punitive damage which is necessary to punish the Defendants and deter similarly situated third parties from committing the same or similar misconduct which endangers the general safety of the public. Defendants' conduct is so outrageous that it allows punitive damages to be awarded for more than two times the compensatory damage awards.

**WHEREFORE**, Erma Hinson respectfully requests an award of damages against the Defendants, individually and jointly, in an amount which an enlightened jury, after hearing the evidence and the law, finds to be just and fair to compensate her for the bodily injuries, pain,

7

suffering, and wrongful death of Eugene Hinson in an amount not to exceed Two Million Five Hundred Thousand Dollars ($2,500,000.00).

**WHEREFORE**, Plaintiff Erma Hinson, individually, seeks such judgment as the jury finds appropriate for her losses and not less than One Million Five Hundred Thousand Dollars ($1,500,000.00).

**WHEREFORE**, Plaintiff Nicole Smith, requests compensation for her monetary, physical, and psychological losses and damages in an amount not less than One Hundred Thousand Dollars ($100,000.00).

**WHEREFORE,** Plaintiffs seek an award of punitive damages in excess of the limitation of two times the compensatory damages as provided by statute.

**WHEREFORE**, Plaintiffs request that the Court award such discretionary costs, the cost of litigation, and such other further and general relief which the Court deems just and proper. Plaintiffs further request that all issues in this case be tried before a duly qualified and empaneled jury of the Southern Division of the Eastern District of Tennessee.

Respectfully submitted,
ERMA HINSON, AS SURVIVING
SPOUSE OF EUGENE HINSON, AND
INDIVIDUALLY, PLAINTIFF by Attorney
NICOLE SMITH, PLAINTIFF by Attorney

**LOGAN-THOMPSON, P.C.**

BY:_____
JAMES F. LOGAN, JR. (BPR#000758)
ROBERT S. THOMPSON (BPR#012832)
*Attorneys for Plaintiffs*
30 Second Street NW
P.O. Box 191
Cleveland, TN 37364-0191
423-476-2251/423-476-2252 (Fax)
jlogan@loganthompsonlaw.com
rthompson@loganthompsonlaw.com

8