IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| ERMA HINSON, Individually and as surviving spouse of EUGENE HINSON, Deceased, and NICOLE SMITH, Residents of the State of Alabama, </br></br>Plaintiffs,</br></br>v.</br></br>HIGH COUNTRY ADVENTURES, a/k/a HIGH COUNTRY ADVENTURES, INC., GERALD MARSHALL and JAMES D. SLOAN, Residents of the State of Tennessee and/or The State of Georgia,</br></br>Defendants. | Civil Docket No. 1:23-cv-00139</br>Jury Demand |

## ANSWER

High Country Adventures, Inc., Gerald Marshall, and James D. Sloan, by counsel for their Answer to the Complaint (DN 1) of Erma Hinson, individually and as surviving spouse of Eugene Hinson, deceased, and Nicole Smith, state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

### INTRODUCTION

Insofar as the Introduction makes allegations against these Defendants, these Defendants deny all allegations in the Introduction.

## Parties

1. These Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint; therefore, those allegations are denied.

2. These Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint; therefore, those allegations are denied.

3. Paragraph 3 of the Plaintiffs' Complaint makes no allegations; therefore, this paragraph does not require a response.

4. Paragraph 4 of the Plaintiffs' Complaint incorrectly states the corporate status of the Defendant, High Country Adventures, Inc. The Tennessee Secretary of State's records for the Division of Business Services indicates that High Country Adventures, Inc. is a for-profit corporation with an active status and a perpetual duration term. The registered agent for service of process is Gerald Marshall with a principal address of 430 Highway 64, Ocoee, Tennessee 37361-3624. The incident that gives rise to this lawsuit occurred on 18 June 2022, and the Secretary of State's website indicates that on 17 March 2022, High Country Adventures, Inc. filed its 2022 annual report. It did so as well in 2023. At no point during the relevant facts was there a Certificate of Dissolution filed with the State of Tennessee regarding High Country Adventures, Inc. located in Ocoee, Tennessee. This Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5. Paragraph 5 of the Plaintiffs' Complaint incorrectly states the Tennessee Secretary of State corporate records with regard to High Country Adventures, Inc. Originally, Defendant, High Country Adventures, Inc., was a corporation formed in the State of Georgia in 1986, but its

status is active and is located in Ocoee, Tennessee with its registered agent for service of process as Gerald Marshall, also in Ocoee, Tennessee. High Country Adventures, Inc. is an active corporation with Defendants, Gerald Marshall and James D. Sloan, each owning fifty percent of the stock. Gerald Marshall is a resident of the State of Tennessee, and James D. Sloan is a resident of the State of Georgia. Any other allegations not admitted are deemed denied.

6. This Defendant denies the allegations in paragraph 6 of the Plaintiffs' Complaint. Gerald Marshall is the registered agent for service of process for High Country Adventures, Inc. Mr. Marshall's office is at 430 Highway 64, Ocoee, Tennessee, and the principal place of business is located at the same address. Mr. Marshall is a fifty percent shareholder in High Country Adventures, Inc. Any other allegations are deemed denied.

7. With regard to the allegations contained in paragraph 7 of the Plaintiffs' Complaint, this Defendant states that James D. Sloan is a resident of the State of Georgia, and he is a fifty percent shareholder in the active corporation High Country Adventures, Inc. Any other allegations are deemed denied.

8. Regarding the allegations contained in paragraph 8 of the Plaintiffs' Complaint, those are denied.

9. Regarding the allegations contained in paragraph 9 of the Plaintiffs' Complaint, the land was conveyed by the individuals, James D. Sloan and his wife, Crystal L. Sloan, and Gerald Marshall and his wife, Karen Marshall, in February of 2001, over twenty years prior to the incident that is the subject matter of this litigation. At the time of this incident, the property was owned by High Country Adventures, Inc. Any other allegations contained in this paragraph are deemed denied.

10. With regard to paragraph 10 of the Plaintiffs' Complaint, there are no allegations and require no response.

## Jurisdiction and Venue

11. Regarding the allegations contained in paragraph 11 of the Plaintiffs' Complaint, those allegations are admitted.

12. Regarding the allegations contained in paragraph 12 of the Plaintiffs' Complaint, those allegations are admitted.

## Facts

13. Regarding the allegations contained in paragraph 13 of the Plaintiffs' Complaint, these Defendants admit the date of the rafting trip and the location of the outfitter in Polk County, Tennessee. This Defendant, in addition, states that High Country Adventures, Inc., as an outfitter, must abide by the standards of care set forth by the Tennessee Department of Environment and Conservation regarding the operation of the rafting business. The Defendants advertise High County Adventures, Inc. as a rafting company that asserts that safety is a priority that is strictly enforced. These Defendants deny that High Country Adventures, Inc. did not exercise due care on the date of the incident that is the subject matter of this litigation and denies that it failed to provide due care and meet the standards of safety for the Plaintiff. These Defendants also deny that it disregarded their known duties to the Plaintiffs. Any other allegations not admitted in paragraph 13 are deemed denied.

14. Regarding the allegations in paragraph 14 of the Plaintiffs' Complaint, this Defendant denies those allegations. At the time of the incident, there was no maximum weight per guest. Furthermore, these Defendants rely upon the representations of the Plaintiff regarding whether they are in good physical health. In fact, this is covered with the Plaintiffs in the pre-trip

4

communications. Furthermore, there are no weight limitations or guidelines set forth by the Tennessee Department of Environment and Conservation in its rafting guidelines.

15. Regarding the allegations contained in paragraph 15 of Plaintiffs' Complaint, this Defendant has insufficient knowledge with regard to the allegations; therefore, those are denied. This Defendant denies that at the time of the incident, there were any maximum weight limitations or that weight was the proximate cause of any alleged incident. Any allegation not specifically admitted is deemed denied.

16. Regarding the allegations contained in paragraph 16 of the Plaintiffs' Complaint, this Defendant denies those allegations. The Defendants provided the Plaintiffs proper floatation devices in the form of life jackets, which worked appropriately and fit the users based upon the photographs prior to the incident for all of the persons involved in the rafting trip. The life jackets are designed so that if a person is flipped, they float on their back.

17. Regarding the allegations contained in paragraph 17 of the Plaintiffs' Complaint, these Defendants deny those allegations. The Plaintiffs read and signed the Release and Waiver and were provided an opportunity to ask questions and could ask for copies of those documents as well. The signed Agreement follows the applicable law in the State of Tennessee and is admissible in both state and federal court. This Waiver and Release is a complete bar to the Plaintiffs' claims.

18. Regarding the allegations contained in paragraph 18 of the Plaintiffs' Complaint, these Defendants deny those allegations. Furthermore, the raft used has been certified by the Tennessee Department of Environment and Conservation.

19. Regarding the allegations contained in paragraph 19 of the Plaintiffs' Complaint, these Defendants deny those allegations. The put-in point is determined by the Tennessee Department of Environment and Conservation and not the Defendants. Furthermore, the put-in

5

point is irrelevant to the case at bar because any injury allegedly sustained occurred further downstream past Grumpy's Ledge.

13.[*sic*] With regard to the allegations contained in paragraph 13 of the Plaintiffs' Complaint, these Defendants deny those allegations.

14.[*sic*] With regard to the allegations contained in paragraph 14 of the Plaintiffs' Complaint, these Defendants deny those allegations.

15.[*sic*] With regard to the allegations contained in paragraph 15 of the Plaintiffs' Complaint, these Defendants deny those allegations.

16.[*sic*] With regard to the allegations contained in paragraph 16 of the Plaintiffs' Complaint, these Defendants deny those allegations.

17.[*sic*] With regard to the allegations contained in paragraph 17 of the Plaintiffs' Complaint, these Defendants deny those allegations.

18.[*sic*] With regard to the allegations contained in paragraph 18 of the Plaintiffs' Complaint, these Defendants deny those allegations.

19.[*sic*] With regard to the allegations contained in paragraph 19 of the Plaintiffs' Complaint, these Defendants deny those allegations.

20.[*sic*] With regard to the prayer for relief, these Defendants deny those allegations and requests.

21.[*sic*] Any allegation not specifically admitted is deemed denied.

## **THIRD DEFENSE**

The Plaintiffs failed to exercise ordinary care for their own safety, and all claims are barred in whole or in part based upon the Plaintiff's sole negligence and/or contributory negligence and/or comparative fault. Furthermore, because discovery has not been initiated in this action regarding

these Defendants, the Defendants affirmatively plead that the Plaintiffs' claims are barred because of comparative fault under Tennessee's Modified Comparative Fault Statute.

## FOURTH DEFENSE

These Defendants affirmatively plead, credit, and set off for all third-party and collateral-source payments received by or on behalf of the Plaintiffs for damages alleged in the Complaint.

## FIFTH DEFENSE

The Defendants, Gerald Marshall and James D. Sloan, are not real parties in interest and are not proper party Defendants regarding the allegations and damages requested by the Plaintiffs in the Complaint. Both Gerald Marshall and James D. Sloan should be dismissed from this action.

## SIXTH DEFENSE

The Plaintiffs failed to act in a reasonably prudent manner to mitigate damages with regard to the allegations set forth in the Plaintiffs' Complaint. Therefore, these Defendants affirmatively plead mitigation of damages as an affirmative defense.

## SEVENTH DEFENSE

These Defendants, for their affirmative defense, plead that the Plaintiffs' damages, if any, were the direct and proximate result of a superseding, intervening, or primary active negligence of another entity or event.

## EIGHTH DEFENSE

These Defendants plead, as an affirmative defense, the document **"*READ CAREFULLY WAIVER AND RELEASE OF LIABILITY HIGH COUNTRY ADVENTURES, INC.*"** signed by all the Plaintiffs. The Plaintiffs acknowledged that they read the Waiver and Release and signed agreeing to its conditions. The Waiver and Release specifically exempts and relieves "the TVA, United States of America, the State of Tennessee, OROA, Inc., and High Country

7

Adventures, Inc. from liability for personal injury, property damage, or wrongful death caused by negligence and/or any other cause." Furthermore, as an affirmative defense, these Defendants assert the "Safety Talk Checklist" provided by the trip leader and safety instructor.

## NINTH DEFENSE

These Defendants assert, as an affirmative defense, T.C.A. § 70-7-202 limitations on liability of whitewater professionals as a complete bar to the Plaintiffs' claims.

## RESERVATION OF CLAIMS

Because discovery is not completed, these Defendants reserve the right to file any appropriate crossclaims, counterclaims, or third-party complaints to conform with the pleadings, discovery, and evidence.

Therefore, High Country Adventures, Inc., Gerald Marshall, and James D. Sloan respectfully request relief of this Court as follows:

1. That the Complaint against these Defendants be dismissed with prejudice and that the Plaintiffs make no recovery;

2. The costs and attorney's fees;

3. Trial by jury; and

4. All other relief to which these Defendants are entitled.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

___/s/ Bruce Gill___
**Stefan Richard Hughes**
BPRN 040018
**Bruce D. Gill**
BPRN 21487
**Azarius J. Yanez**
BPRN 036266
750 Old Hickory Boulevard
Building One, Suite 200
Brentwood, Tennessee 37027
(615) 255-7722
rick.hughes@leitnerfirm.com
bruce.gill@leitnerfirm.com
azarius.yanez@leitnerfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served upon all counsel of record for the parties at interest in this case by electronic notification through the Court's CM/ECF Systems:

> James F. Logan, Jr.
> Robert S. Thompson
> 30 Second Street NW
> P.O. Box 191
> Cleveland, Tennessee 37364-0191
> jlogan@loganthompsonlaw.com
> rthompson@loganthompsonlaw.com

this the 21st day of July, 2023.

___/s/ Bruce Gill___
**Bruce D. Gill**