UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ERMA HINSON, *et al.*, | ) |
| | ) |
|    *Plaintiffs,* | ) |
| | ) No. 1:23-CV-139 |
| v. | ) |
| | ) Judge Collier |
| HIGH COUNTRY ADVENTURES, *et al.*, | ) Magistrate Judge Steger |
| | ) |
|    *Defendants.* | ) |

# M E M O R A N D U M

This matter is before the Court on United States Magistrate Judge Christopher H. Steger's amended report and recommendation (the "R&R") recommending the Court grant in part and deny in part Plaintiffs' motion (Doc. 28) for leave to amend their complaint. (Doc. 48.) The R&R recommends Plaintiffs be allowed to amend their complaint to include additional factual allegations relevant to their existing claims for negligence and gross negligence, but that Plaintiffs not be allowed to add a claim for negligent procurement of insurance or to add unnamed parties as defendants. (*Id.* at 7.) Plaintiffs filed timely objections to the R&R (Doc. 49), and Defendants responded (Doc. 51).

**I.    BACKGROUND**

Plaintiffs Erma Hinson and Nicole Smith were injured and Ms. Hinson's husband, Eugene Hinson, was killed during a whitewater rafting trip offered by Defendant High Country Adventures, Inc., on June 18, 2022. (Doc. 48 at 2.) Defendants Gerald Marshall and James D. Sloan own High County Adventures. (*Id.*) Plaintiffs filed their complaint on June 16, 2023, asserting claims for negligence, gross negligence, and reckless and wanton disregard for human life. (Doc. 1.)

The Court held a scheduling conference by telephone on August 24, 2023, and issued a scheduling order on August 28, 2023. (Docs. 10, 18.) At the parties' joint request based on the Rule 26(f) discovery-planning conference they completed after the scheduling conference, the Court issued an amended scheduling order on September 22, 2023. (Doc. 23.) Both the scheduling order and the amended scheduling order stated as follows regarding the joinder of parties and amendment of pleadings: "Because the parties did not indicate a preferred deadline for joinder of parties or amendment of the pleadings at the scheduling conference, any joinder or motion to amend shall be filed no later than **forty-five (45) days** from the entry of this order." (Doc. 18 ¶ 6(a) (emphasis in original); Doc. 23 ¶ 6(a) (emphasis in original).)

On April 4, 2024, Plaintiffs filed their pending motion for leave to amend the complaint. (Doc. 28.) As grounds, they represent that "[i]n reviewing discovery and preparing for expert designations and depositions, . . . counsel realized some counts, substantive facts and possible parties were left out of the original complaint." (*Id.* ¶ 3.) The proposed amended complaint includes additional factual allegations as to negligence, adds a new Count III for negligent procurement of insurance, and names four fictitious parties who allegedly contributed to Plaintiffs' injuries and Mr. Hinson's death. (Doc. 28-1.) Plaintiffs' negligent procurement claim is based on the premise that the Tennessee Department of Environment and Conservation required Defendants to obtain liability coverage of one million dollars per occurrence, but the insurance policy Defendants procured excludes water hazards like Plaintiffs' rafting trip, limiting the coverage of Plaintiffs' claims to fifty thousand dollars per occurrence and one hundred thousand dollars in the aggregate. (Doc. 48 at 4–5 & n.2; Doc. 49 ¶¶ 4–5; Doc. 51 at 2.) Defendants oppose the motion to amend (Docs. 32, 34), and Plaintiffs have replied (Doc. 36).

The Magistrate Judge held a hearing on April 30, 2024, after which he ordered the parties to file supplemental briefing on the legal viability of Plaintiffs' proposed claim for negligent procurement. (Docs. 37, 38.) Plaintiffs filed their brief on May 13, 2024. (Doc. 41.) Plaintiffs' brief includes as an exhibit a revised proposed amended complaint, which, among other things, adds third-party-beneficiary allegations to Plaintiffs' proposed Count III for negligent procurement. (*See* Doc. 41-1 ¶¶ 65–69.) Defendants responded on May 24, 2024. (Doc. 45.)

The R&R issued on June 26, 2024. (Doc. 48.) It notes as a preliminary matter that Plaintiffs' motion to amend was not filed until five months after the deadline to amend the pleadings and add parties. (*Id.* at 4.) The R&R goes on to find good cause for Plaintiffs' delay as to their request to add factual allegations to their current claims, and it recommends Plaintiffs be allowed to amend to that extent. (*Id.* at 3–4.) But for the request to add parties and a negligent-procurement claim, the R&R finds the request "at this late date in the progress of the case is problematic, and would be prejudicial to any newly added defendants and to the existing Defendants." (*Id.* at 3.) The R&R therefore recommends denial of that portion of the motion. (*Id.*) In addition, the R&R recommends denying Plaintiffs' request to add a claim for negligent procurement because such an amendment would be futile. (*Id.* at 4–7.) Plaintiffs objected to the parts of the R&R recommending denial of their requests on July 9, 2024. (Doc. 49.) Defendants responded in opposition to the objections on July 16, 2024. (Doc. 51.)

II. **STANDARD OF REVIEW**

If a party objects to the proposed findings and recommendations of a magistrate judge, the party may file written objections within fourteen days. 28 U.S.C. § 636(b)(1)(C). The district court must then undertake a *de novo* review of the specific proposed findings or recommendations

3

to which objection is made. *Id.* A specific objection is one that "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997)) (alterations in original). "[T]he district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1422–23 (5th Cir. 1996)).

### III. <u>ANALYSIS</u>

Plaintiffs object to the R&R's recommendation to deny them leave to add a claim for negligent procurement of insurance and to add unnamed defendants. (Doc. 49.) Defendants respond that Plaintiffs have not adequately addressed the lateness of the motion, nor have they provided any authority to show they have a viable claim for negligent procurement under Tennessee law. (Doc. 51 at 1.) The Court will address the timeliness of the motion first, and then turn to the additional question of the futility of Plaintiffs' desired new claim.

#### A. Timeliness to Add Claim and Unnamed Defendants

Plaintiffs object to the R&R's recommendation to deny them leave "to add unnamed defendants as discovery is not yet complete, and the need to name additional parties realized from discovery may be necessary." (Doc. 49 ¶ 9.) Plaintiffs argue that "[t]he deadline for amending or joining parties was a relatively short period of 45-days, and well before discovery was to end."[1] (*Id.* ¶ 10.) They further assert that they have outstanding discovery requests with Defendants and

---

[1] Plaintiffs also assert that "[t]he matter of standing should be decided in response to a Motion to Dismiss or Motion for Summary Judgment, and not in response to the Motion to Amend." (Doc. 49 ¶ 10.) Standing is not at issue in Plaintiffs' motion to amend.

4

"should be able to review Defendants['] responses regarding insurance before the Court grants or denies Plaintiffs['] Motion to Amend." (*Id.* ¶ 11.)

"The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] schedule may be modified only for good cause and with the judge's consent."[2] Fed. R. Civ. P. 16(b)(4).

Plaintiffs complain that the forty-five-day deadline to amend pleadings or add parties was too short. (Doc. 49 ¶ 10.) A default forty-five-day deadline for motions to amend or add parties is included in the undersigned's form scheduling order, which is available online. (*See* Curtis L. Collier, Senior U.S. District Judge, available at https://www.tned.uscourts.gov/content/curtis-l-collier-senior-united-states-district-judge (last visited Nov. 5, 2024).) In addition, the Court explicitly encouraged the parties to review the form scheduling order before the scheduling conference. (Doc. 10 at 1.) Despite this, Plaintiffs did not ask for a longer deadline during the scheduling conference. Nor did they ask for a longer deadline when the parties jointly asked the Court to amend the initial scheduling order after their belated discovery conference. (*See* Doc. 19 at 1–2.) At both of these times, it either was or should have been readily apparent to Plaintiffs that the deadline to amend would expire well before the discovery deadline if they did not ask for a different deadline.

---

[2] A motion to extend a scheduling-order deadline that has already expired may also implicate the excusable-neglect requirement of Rule 6(b)(1)(B): "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240–41 (E.D. Ky. 2018) (discussing ambiguity as to interplay between Rule 16(b)(4) and Rule 6(b)(1)(B)). Because Plaintiffs do not meet the good-cause standard required in each rule, the Court need not consider whether there has also been excusable neglect under Rule 6(b)(1)(B).

5

Because the parties know their case and their schedules far better than the Court does, it is the practice of the undersigned to allow the parties to agree on deadlines for the case during the scheduling conference.  However, the Court then expects the parties to abide by those deadlines except under unusual and previously unforeseeable circumstances.  Plaintiffs have not stated any such circumstances here.

The Court finds Plaintiffs have not shown good cause to amend the scheduling order to add claims or parties.  The Court will therefore **OVERRULE** Plaintiffs' objections.

### B.     Negligent Procurement of Insurance

Plaintiffs object to the R&R's recommendation to deny them leave to "allow[] a claim for negligent procurement of insurance as Plaintiffs are third[-party] beneficiaries of the policy and are *insured* parties." (Doc. 49 ¶ 3 (emphasis in original).)  Plaintiffs' failure to show good cause to extend the deadline to amend the complaint under Rule 16(b)(4), as discussed in the preceding section, is sufficient grounds to deny them leave to add a claim for negligent procurement of insurance.  The futility of such an amendment provides an additional, independent ground to deny leave to amend.

Under Tennessee law, a client may bring a cause of action against an insurance agent or broker for negligent failure to procure insurance if the following elements are met: (1) the agent or broker undertook or agreed to procure insurance; (2) the agent or broker failed "to use reasonable diligence in attempting to place the insurance and fail[ed] to notify the client promptly of any such failure;" and (3) "the agent's or broker's actions warranted the client's assumption that he or she was properly insured." *Parveen v. ACG S. Ins. Agency, LLC*, 613 S.W.3d 113, 120 n.8 (Tenn. 2020) (quoting *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn 2011).)  Plaintiffs have not

alleged facts that satisfy these elements. And as the R&R expressly states, Plaintiffs did not provide the Magistrate Judge with a single case showing that a customer (like Plaintiffs) of a person or entity with a legal obligation to obtain insurance (allegedly like Defendants) can state a claim for negligent procurement for failure to do so. (*See* Doc. 48 at 6.) In their objections, Plaintiffs still have not provided the Court with any such authority. (*See* Doc. 49 ¶¶ 3–8.) The Court sees no viable claim for Plaintiffs against Defendants for negligent procurement of insurance.

Plaintiffs argue they are intended third-party beneficiaries of Defendants' insurance contract. (Doc. 49 ¶¶ 3, 8.) "[T]hird parties may enforce a contract if they are intended beneficiaries of the contract." *Owner-Operator Indep. Drivers Assoc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 70–71 (Tenn. 2001). But even if Plaintiffs could meet the standard to show they are intended beneficiaries of Defendants' insurance contract under Tennessee law, Plaintiffs have not provided any authority to show that an intended beneficiary can state a claim against anyone for negligent procurement of insurance.

Plaintiffs also rely on the theory of negligence per se to argue they should be allowed to add a claim for negligent procurement of insurance. (Doc. 49 ¶ 7.) Negligence per se is an alternative method to prove negligence from the traditional common-law elements of negligence. *See Payne v. CSX Transp., Inc.*, 467 S.W.3d 413, 435 (Tenn. 2015). As with Plaintiffs' other arguments, Plaintiffs provide no authority to show their allegations of negligence per se legally enable them to state a claim for negligent procurement of insurance.

Because Plaintiffs cannot state a claim for negligent procurement of insurance, allowing them to amend to add such a claim would be futile.

7

## IV. CONCLUSION

Plaintiffs' objections to the R&R (Doc. 49) will be **OVERRULED**. The Court will **ACCEPT** and **ADOPT** the R&R (Doc. 48). Plaintiffs' motion for leave to amend the complaint (Doc. 28) will be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 28) will be **GRANTED** to the limited extent that Plaintiffs seek to amend the original complaint to include additional facts to support causes of action already set forth in the original complaint.

2. Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 28) will be **DENIED** to the extent that Plaintiffs seek to add a claim for negligent procurement of insurance.

3. Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 28) will be **DENIED** to the extent that Plaintiffs seek to add unnamed defendants.

AN APPROPRIATE ORDER WILL ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**